IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVAUGHN ROBINSON,<br><br>          Plaintiff,<br><br>     v.<br><br>ALEXANDER ACUNA, et al.,<br><br>          Defendants. | No. 2:22-CV-1629-TLN-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendants' motion to dismiss, ECF No. 25.

   In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56.  The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Further, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

///

2

Finally, "the Supreme Court has instructed the federal courts to liberally construe the inartful pleading of pro se litigants. It is settled that the allegations of [a pro se litigant's complaint] however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers." See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citation and internal quotation marks omitted; brackets in original). The rule, however, "applies only to a plaintiff's factual allegations." See Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "'[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" See Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## I. BACKGROUND

### A. Plaintiff's Allegations

This action proceeds on Plaintiff's original complaint. Plaintiff names the following as defendants: (1) Alexander Acuna, (2) Ty Jones, and (3) Mason Phelps. See ECF No. 1, pg. 2. Plaintiff alleges that she was denied adequate conditions of confinement while assigned to cell 112, in Building 7 at California State Prison-Sacramento, between March 31, 2022, and April 5, 2022. See id. at 3. Plaintiff asserts that the cell was "covered in pepper spray," and that she was "refused decontamination." Id. Plaintiff further alleges that she was "refused [a] mattress, blankets/bedding, plumage, water and slept in a flooded cell infested with feces on a metal frame for five days." Id. She also contends that Defendant Jones refused her showers. See id. Plaintiff also alleges that she was sexually exploited and that on April 14, 2022, Defendants used excessive force when they punched her. See id.

### B. Procedural History

Plaintiff filed her complaint on August 8, 2022. Defendants responded with the currently pending motion to dismiss filed on January 30, 2023. The motion seeks to dismiss (1) all claims against Defendant Phelps and (2) all claims, but one, against Defendants Acuna and Jones. However, Defendants do *not* seek to dismiss Plaintiff's alleged Eighth Amendment violation based on use of excessive force as it pertains to Defendants Acuna and Jones. Plaintiff

3

has not filed an opposition to Defendants' motion.

## II.  DISCUSSION

In their motion to dismiss, Defendants argue the action should be partially dismissed because: (1) Plaintiff fails to plead the personal participation of Defendant Phelps for any claims; (2) Plaintiff fails to plead the personal participation of any Defendant regarding the conditions of her cell; (3) Plaintiff's allegations regarding deprivation of showers fail to state a conditions-of-confinement claim; and (4) Plaintiff's sexual exploitation allegation fails to state an Eighth Amendment claim. See ECF No. 25, pg. 3.

### A.    **Failure to Establish a Causal Link**

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

####     1.    Defendant Phelps

Defendants argue in their motion to dismiss that all claims brought against Defendant Phelps should be dismissed because Plaintiff set forth "no factual allegations about his participation in the alleged deprivations." See ECF No. 25, pg. 5. Plaintiff's complaint mentions Defendant Phelps once in the section labeled "Parties." See ECF No. 1, pg. 2. There is no mention of Defendant Phelps anywhere else in the original complaint. See generally id. Because Plaintiff has not alleged facts that connect acts taken or omitted by Defendant Phelps, Plaintiff

4

has failed to establish the necessary causal connection between Defendant Phelps and the alleged deprivations. Plaintiff should be provided leave to amend to cure this defect.

### 2. Cell Conditions Claim

Defendants' motion contends that the claimed Eighth Amendment violation related to cell conditions should be dismissed for all defendants. See ECF No. 25, pg. 5. Defendants argue that "Plaintiff's complaint is [] devoid of any factual allegations linking any Defendant to the condition of her cell." Id. In her complaint, Plaintiff alleges that the cell was "covered in pepper spray," "infested with feces," and lacked a "mattress, blankets/bedding, plumage [and] water." ECF No. 1, pg. 3. However, as Defendants argue, Plaintiff fails to allege facts that show how any defendant affirmatively acted, participated in an affirmative act, or failed to act when required. Even if Plaintiff's statements regarding the conditions of her cell are true, Plaintiff has failed to offer any factual allegations to link any defendant to said conditions. Again, as with Defendant Phelps, Plaintiff should be provided an opportunity to amend.

### B. Failure to State a Claim Under the Eighth Amendment

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted with a "sufficiently culpable of mind," which is "one of deliberate indifference," in conditions of confinement claims. See Farmer, 511 U.S. at 834.

///

When determining whether the conditions of confinement meet the objective prong of the Eighth Amendment analysis, the court must analyze each condition separately to determine whether that specific condition violates the Eighth Amendment. See Toussaint, 801 F.2d at 1107; Wright v. Rushen, 642 F.2d 1129, 1133 (9th Cir. 1981). "Some conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise – for example, a low cell temperature at night combined with a failure to issue blankets." Wilson v. Seiter, 501 U.S. 294, 304 (1991); see also Thomas v. Ponder, 611 F.3d 1144, 1151 (9th Cir. 2010); Osolinski, 92 F.3d at 938-39; Toussaint, 801 F.2d at 1107; Wright, 642 F.2d at 1133. When considering the conditions of confinement, the court should also consider the amount of time to which the prisoner was subjected to the condition. See Hutto v. Finney, 437 U.S. 678, 686-87 (1978); Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005).

        1.     Showers

In her complaint, Plaintiff alleges Defendant Jones "refused [her] showers." ECF No. 1, pg. 3. Defendants contend that Plaintiff fails to state a claim under the Eighth Amendment because she does not allege how long she was deprived of showers. They argue that the "duration of the deprivation" is "crucial in determining whether a constitutional violation occurred." ECF No. 25, pg. 6. Defendants further argue that even assuming Plaintiff was deprived of showers from March 31, 2022, until April 5, 2022 (the duration of Plaintiff's other alleged violations), it would not constitute an Eighth Amendment violation. Id.

The Court agrees. Though prison officials must provide sanitation measures, temporary deprivations of showers have not been found to result "in the denial of the minimal civilized measure of life's necessities." See Grant v. Warden, No. 1:10-cv-01608-LJO-SKO (PC), 2011 EL 4048524, at *3 (E.D. Cal. Sept. 9, 2011) (finding allegations of not having access to showers for two weeks insufficient to support a cognizable claim); King v. Lemos, No. 1:20-cv-01837-NONE-BAM (PC), 2021 WL 2038187, at *6 (E.D. Cal. May 21, 2021) (finding allegations of being denied showers for nine days did not state a cognizable claim); Grant v. Cal.

Dept. of Corr., No. 1:17-cv-00682-DAD-JLT, 2019 WL 1508057, at *7 (E.D. Cal. Apr. 5, 2019) (finding "a mere nine days without a shower is too temporary to constitute a violation of the Eighth Amendment"). Plaintiff should be provided leave to amend in order to allege facts showing the duration of denial of showers.

### 2. Sexual Exploitation

Plaintiff states that she was "sexually exploited." ECF No. 1, pg. 3. However, the Court agrees with Defendants that Plaintiff fails to allege facts to support this claim. ECF No. 25, pg. 7. Plaintiff states that she was sexually exploited in passing, once, and does not allege any facts to support the claim. See generally ECF No. 1. To the extent Plaintiff can bolster this claim with additional facts, Plaintiff should be provided leave to amend.

## III. CONCLUSION

Based on the foregoing, the undersigned recommends as follows:

1. Defendants' motion to dismiss, ECF No. 25, be GRANTED as to Defendant Phelps.

2. Defendants' motion to dismiss, ECF No. 25, be GRANTED as to Plaintiff's claims related to the conditions of confinement.

3. Defendants' motion to dismiss, ECF No. 25, be GRANTED as to Plaintiff's claim that she was denied showers.

4. Defendants' motion to dismiss, ECF No. 25, be GRANTED as to Plaintiff's claim of sexual exploitation.

5. Plaintiff be provided an opportunity to file a first amended complaint addressing the defects identified herein or elect to proceed on the original complaint on her excessive force claims against Defendants Acuna and Jones only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections.

Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 13, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE